No. 38,014

GOFFE & CARKENER, INC., a corporation, *Appellee*, v. G. F. HOWARD, *Appellant*.

(223 P. 2d 728)

Opinion filed November 10, 1950.

*Aldeverd Metcalf*, of Oberlin, argued the cause, and was on the briefs for the appellant.

*Wm. B. Ryan*, of Norton, argued the cause, and *Keith G. Sebelius*, of Norton, was with him on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action for a balance alleged to be due upon an account. A jury trial resulted in judgment for plaintiff and defendant has appealed.

The record discloses that plaintiff is a Missouri corporation with its principal place of business at 1147 Board of Trade Building, Kansas City, Mo.; that it is duly authorized to do business in Kansas and operates branch offices within the state, including one at Norton; that plaintiff conducts a grain commission business, selling and buying grain and other commodities as agent or broker for persons who desire its services. The business, so far as the case before us is concerned, is conducted by plaintiff through the Uhlman Grain Company of Chicago, the clearinghouse member for plaintiff on the Chicago Board of Trade and with the Chicago Board of Trade and its clearinghouse corporation. This business is conducted under an Act of Congress commonly known as the Commodity Exchange Act (see applicable provisions of Title 7, U. S. C., 1946 ed.) and rules made thereunder by the Office of Economic Stabilization

of the United States Department of Agriculture and the Office of Price Administration. Defendant, who resides in Decatur county, began his dealings with plaintiff in April, 1945, and continued until about June 3, 1946. Most of his dealings were through the Norton office, where plaintiff had assigned to him a number.

The issues framed by the pleadings in this case and defined by a pretrial order center principally around the following transaction: On July 19, 1945, defendant placed an order with plaintiff to sell 5,000 bushels of May, 1946, corn, which was placed as priced at $1.18⅜ per bushel. Defendant sold his corn "short," which means that he did not possess, own or control the corn himself. On August 25, 1945, defendant placed another order by which he sold an additional 5,000 of May, 1946, corn "short," which was filled by plaintiff at a price of $1.13⅜ per bushel. It appears that the price of corn increased, and when the corn had to be settled for in May, 1946, the price was $1.465. The plaintiff paid for defendant to Uhlman, and it paid the clearinghouse on the Board of Trade, Chicago, the sum of $14,650 to settle that transaction, as it was obliged to do under the Acts of Congress and the rules pertaining thereto duly promulgated. Defendant had made some deposits with plaintiff and had some profits on other transactions which, when applied, left a balance due of $1,995, for which this action was brought. The pleaded defense for this transaction was that on November 2, and again on November 7, defendant had placed with plaintiff at Kansas City an oral order for the purchase of 10,000 bushels of May corn. In its reply plaintiff denied receiving those orders because it has no record of them. One of the questions submitted to the jury by the pretrial order was whether those orders were placed. The jury found they were. Defendant in his answer further alleged that on January 28, 1946, he placed an order with plaintiff to purchase 10,000 bushels of May, 1946, corn on the Board of Trade at Chicago, and that on March 4, 1946, he placed a similar order with plaintiff. Plaintiff admitted receiving these two orders and alleged that when the order of March 4 was given plaintiff canceled the order of January 28. None of these orders was filled. In its reply plaintiff alleged that it was impossible to fill any of the orders at the prices authorized by the defendant. On that issue the jury found in favor of the plaintiff. There was an abundance of evidence to support those findings.

Another transaction pleaded by defendant pertained to the pur-

chase of 5,000 bushels of rye for delivery in May, 1946, made on November 13, 1945. The record discloses that on that date defendant was in plaintiff's Kansas City office and early in the morning placed the order orally with Mr. Clark, of plaintiff's office. The order was transmitted to Chicago and filled at 10:02 a. m. through the Uhlman Grain Company, and it does not appear they understood that the order was given from Kansas City. At any rate the Uhlman Grain Company reported it under defendant's number where he did business at Norton, Kan. The result was that defendant did not learn the order had been filled until the next morning. On May 13 the price of rye declined on the Board of Trade and defendant undertook to cancel the order, but it had already been placed before the Uhlman Grain Company received the order for cancellation. By the close of the day's trading the price, of rye had declined a little more than seven cents. Defendant complained to Clark of his failure to be advised that the order had been accepted. Clark told him he need not accept it if he did not want to, but after considering the matter defendant concluded he would accept the order and "straddle" it, that is, buy on the lower price and try to prevent a loss, and that was what he did. At the pretrial conference it was agreed by the parties and ordered by the court that this matter would be submitted to the jury to determine what loss, if any, defendant sustained by reason of the delay in getting word of the purchase. At the trial defendant offered no evidence to show that he had any loss on that transaction, with the result that the court did not instruct the jury upon it. The transaction became no longer important so far as this case is concerned.

Counsel for appellant complain of rulings of the court upon the introduction of evidence and also make some complaint of the instructions. We have examined all of these and find no error in those rulings.

The judgment of the trial court is affirmed.